UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:02-cr-72-FtM-29SPC

FRANKIE LEE SMITH
_____

**ORDER**

    This matter comes before the Court on Plaintiff's Motion Challenging Jurisdiction to the Judgement Render As Void Pursuant to Fed. Rule Civ. P. 12(b)(1), (2); (60)(b)(4) (Doc. #351) filed on October 27, 2011. Defendant argues that the Court never had subject matter jurisdiction over his criminal case because it was a local drug case which could have been prosecuted only in state court.

    Although defendant relies mainly on civil rules of procedure which are inapplicable to his criminal case, the Court will construe his motion liberally because of his *pro se* status and assume that subject matter jurisdiction issues can always be raised at least once by some vehicle. United States v. Cotton, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be waived by parties to litigation."); United States v. Harris, 149

F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted). Subject matter jurisdiction defines the court's authority to hear a given type of case. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000)(quoting United States v. Morton, 467 U.S. 822, 828 (1984)).

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. Const. art. III, § 1. Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. § 3231. Additionally, Congress has created district courts in each state, including the State of Florida. It has further divided the state into three judicial districts and provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held *inter alia* in Fort Myers. 28 U.S.C. § 89.

Defendant pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), a drug offense that is against the laws of the United States. Congress has the authority to punish such conduct under Title 21, United States Code, based upon the Commerce Clause. United States v. Lopez, 459 F.2d 949 (5th Cir. 1972)[1]. The Commerce Clause authority includes the power to

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent (continued...)

criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce. <u>United States v. Bernard</u>, 47 F.3d 1101, 1102 (11th Cir. 1995)(quoting 21 U.S.C. § 801). Therefore, subject matter jurisdiction existed over petitioner's case, and this is the beginning and end of the jurisdictional inquiry. <u>United States v. Tinoco</u>, 304 F.3d 1088, 1104 n.18 (11th Cir. 2002).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion Challenging Jurisdiction to the Judgement Render As Void Pursuant to Fed. Rule Civ. P. 12(b)(1), (2); (60)(b)(4) (Doc. #351) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of February, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Frankie L. Smith

---

[1](...continued)
all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.